HUGH THOMAS *v.* JAS. D. MILLER AND WIFE.

**Descent and Distribution—Infant's Title by Descent From Father—Mother Has No Interest—Dower.**

Where an infant dies, having derived title to real estate, by descent from the father, the mother acquires no right or title to such land, but the same passes by descent to the next of kin on the father's side, but the widow has her dower therein.

**Executors and Administrators—Claim Against Decedent's Estate—Must Settle Accounts Before Selling Real Property.**

If an administrator has a claim against the estate he should make a settlement of his accounts before he subjects the real estate to the payment of his debt.

APPEAL FROM ADAIR CIRCUIT COURT.

February 22, 1872.

OPINION BY JUDGE PRYOR:

There is no proof whatever in this record showing any evidence of fraud or mistake in the execution of the notes by the appellant to Mrs. Miller. The appellant was the administrator of James B. Thomas, deceased, and nearly related to him and was as much cognizant of the condition of his estate and perhaps more so than his widow. The purchase by him was a chancing or speculative bargain and if he has lost by it he alone must suffer. The judgment in the case, however, is erroneous. The mother did not inherit the land in controversy from her infant child. Where an infant dies having derived real estate by descent from the father, the mother acquires no right or title in and to such land owned by the infant, but the same passes by descent to the next of kin on the father's side. See section 9, revised statutes, title, descent and distribution. The judgment in this case directs the sale of the absolute right and title in and to the fifty acres of land upon the supposition that it belonged to Mrs. Miller. The only interest she had in it was her dower as the widow of James B. Thomas, and this alone could have been sold under the judgment. The holders of the legal title to this land are all before the court and they are not complaining of the judgment in the court below. The heirs of the infant child of Mrs. Miller could all be made parties to this controversy, and a judgment rendered subjecting only the dower interest to the payment of these notes. If the appellant has any claims against J. B. Thomas, deceased, or his estate, as he is the administrator, he should make a settlement of his accounts, and if there is any indebtedness the real estate can be subjected by a proper proceeding, and with this view his alleged set-off should be dismissed without prejudice.

The judgment of the court below is reversed, only so far as it seeks to sell the absolute estate in this fifty acres of land and for further proceedings not inconsistent with this opinion, and with directions to dismiss appellant's alleged set-off without prejudice.

*Winfrey & Winfrey, for appellant.*
*James, for appellee.*